**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

AIMEE FITZGERALD, JOSEPH T. FITZGERALD, WILLIAM A. GAGE, GERARD SHEA, H. WILLIAM VAN ALLEN, CHRISTOPHER EARL STRUNK, and "NON-AFFILIATED VOTERS PARTY" a Political Committee,

                  Plaintiffs *Pro se*,         1:02-cv-926
                                                       (NAM/RFT)

v.

CAROL BERMAN, Individually and as Chairman of the New York State Board of Elections, NEIL W. KELLEHER, Individually and as Vice-Chairman of the New York State Board of Elections, HELENA MOSES DONOHUE, Individually and as Commissioner of the New York State Board of Elections, EVELYN J. AQUILA, as Commissioner of the New York State Board of Elections, and THE NEW YORK STATE BOARD OF ELECTIONS,

                  Defendants.
_____

**APPEARANCES**                                      **OF COUNSEL:**

**Aimee Fitzgerald,**
**Joseph T. Fitzgerald,**
**William A. Gage,**
**Gerard Shea,**
**H. William Van Allen,**
**Christopher Earl Strunk, and**
**"Non-affiliated Voters Party"**
**a Political Committee**
*Plaintiffs Pro se*

**State of New York**                              **Patricia L. Murray, Esq.**
**State Board of Elections**                    **First Deputy Counsel**
**40 Steuben Street**
**Albany, New York 12207-2109**
*For Defendants*

**Norman A. Mordue, Chief Judge:**

                          **MEMORANDUM-DECISION AND ORDER**

**I.     Introduction**

Presently before the Court is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Plaintiffs, who are *pro se*, oppose defendants' motion and cross-move to amend the complaint.

**II.    Background**

Familiarity with the facts of this case is assumed based on this Court's previous denial of plaintiffs' motion for declaratory relief and a preliminary injunction. *Fitzgerald v. Berman*, 02-CV-926, Dkt. no. 24 (Sept. 30, 2003). The Court denied plaintiffs' motion on the grounds that the controversy was not of sufficient immediacy and the injuries plaintiffs asserted were speculative and that the plaintiffs therefore lacked standing to pursue this action. Plaintiffs appealed and the Second Circuit affirmed. *Fitzgerald v. Berman*, 112 Fed.Appx. 800 (2d Cir. 2004).

**III.   Motion to Dismiss**

In contemplating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court must "accept as true all material factual allegations in the complaint[,]" *Atlantic Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), though "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Id.* (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction may include evidence outside the pleadings, e.g., affidavit(s) or otherwise competent evidence, and cannot be converted to a Rule 56 motion for summary judgment. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

As previously stated by this Court and the Second Circuit, plaintiffs have failed to show that the declaratory relief they seek is a question of "sufficient immediacy and reality to warrant

2

declaratory relief." *In re Prudential Lines Inc.*, 158 F.3d 65, 70 (2d Cir. 1998).  Indeed, whether defendants must allow the Non-Affiliated Voters Party to hold open primary elections if it attains party status is not of "sufficient immediacy" to warrant relief.  Further, as explained in detail in the Court's prior Memorandum-Decision and Order, because the injuries plaintiffs assert in connection with their attempts to obtain party status for the Non-Affiliated Voters Party are speculative at best, plaintiffs lack standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).  The Court therefore lacks jurisdiction over this action.  Accordingly, defendants' motion to dismiss the complaint is granted.

### IV.     Motion to Amend the Complaint

Plaintiffs cross-move to amend the complaint to include events which have occurred since the filing of the initial complaint, to add a new plaintiff, and to add several new defendants.  Defendants have not opposed plaintiffs' cross-motion.  Where a "plaintiff's proposed additions to [the] complaint principally recite transactions, occurrences or events that have transpired since the date of the pleading sought to be supplemented," the motion "is technically categorized under Rule 15(d) . . . as opposed to Rule 15(a). The latter subsection is designed chiefly to allow a party to replead or to add facts or claims that arise either prior to or contemporaneous with the allegations stated in the original complaint." *Katzman v. Sessions*, 156 F.R.D. 35, 37-38 (E.D.N.Y.1994).  Rule 15(d) permits a plaintiff to move to serve a supplemental complaint "even though the original pleading in its statement of a claim for relief or defense."  Fed. R. Civ. P. 15(d).  "The Court may grant such a motion, in the exercise of its discretion, upon reasonable notice and upon such terms as may be just.  Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted."  *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).  "[L]eave to file a supplemental pleading should be freely permitted

when the supplemental facts connect it to the original pleading. *Id.* (citing *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989)).

Plaintiffs also wish to amend the complaint to substitute Burr V. Deitz for deceased plaintiff Gerard Shea and to add new defendants. "Although leave to amend a pleading under the Federal Rules of Civil Procedure 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), such leave will be denied when an amendment is offered in bad faith, would cause undue delay or prejudice, or would be futile." *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1198 (2d Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). The Court has reviewed plaintiffs' proposed pleading liberally in light of their *pro se* status. *See Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir.2005) (*pro se* pleadings to be construed liberally).

Although it contains six causes of action, the proposed complaint appears to rest on two grounds. The first aspect of the proposed complaint alleges the same claims in the original complaint. Such claims differ only to the extent that instead of relating to the 2002 gubernatorial election, they relate to plaintiffs' attempts to obtain party status for the Non-Affiliated Voters Party in the *upcoming* gubernatorial election, and plaintiffs' concerns about primary elections if and when the Non-Affiliated Voters Party achieves such status. These claims are defective for the same reasons as they are in the original complaint; the issues are not of sufficient immediacy to warrant declaratory relief, and, because the alleged harm is speculative at best, plaintiffs' lack standing. Therefore, plaintiffs' motion to amend and/or supplement the complaint to advance such claims is denied as futile.

The second aspect of the proposed complaint appears to arise from a case in the Southern District of New York, *Green Party of New York State v. New York State Bd. of Elections*, 267 F.Supp.2d 342 (S.D.N.Y. 2003).  As defendants have not opposed plaintiffs' cross-motion, plaintiffs' motion to amend/supplement the complaint is otherwise granted.

Since, however, the proposed complaint plaintiffs submitted in connection with their cross-motion contains claims which the Court has found to be futile, it is not acceptable in its present form.  Further, the proposed complaint refers "US DOJ" in the body of the proposed pleading as a defendant but does not identify the "US DOJ" in the caption.  Plaintiffs are advised that any party they wish to include as a defendant must be identified in the caption of the complaint.  Thus, the proposed complaint cannot be filed in its present form.  Plaintiffs are therefore directed to file an amended/supplemental complaint which complies with the terms of this Memorandum-Decision and Order **on or before April 7, 2006**.  If plaintiffs fail to file an amended/supplemental complaint **on or before April 7, 2006**, as specified in this Memorandum-Decision and Order, this action **will be dismissed**.

**V.     Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is **granted**; and it is further

**ORDERED** that the complaint is **dismissed without prejudice**; and it is further

**ORDERED** that plaintiffs' cross-motion to amend and/or supplement the complaint is **denied as futile to the extent that it re-alleges any claims in the original complaint**; and it is further

**ORDERED** that plaintiffs' cross-motion to amend and/or supplement the complaint is **otherwise granted in its entirety**; and it is further

5

**ORDERED** that plaintiffs are directed to file the proposed amended/supplemental complaint as specified above on or before **April 7, 2006**; and it is further

**ORDERED** that if plaintiffs fail to file the proposed amended/supplemental complaint as specified above on or before **April 7, 2006, this action will be dismissed and the Clerk of the Court will be directed to close this case.**

    **IT IS SO ORDERED.**

**Dated:**    **March 22, 2006**
            **Syracuse, New York**    _____
                                         Norman A. Mordue
                                         Chief United States District Court Judge