**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AIMEE FITZGERALD, JOSEPH T. FITZGERALD, BURR V. DEITZ, H. WILLIAM VAN ALLEN, CHRISTOPHER EARL STRUNK, and "NON-AFFILIATED VOTERS PARTY" a Political Committee,**

|  |  |
|---|---|
| **Plaintiffs** *Pro se*, | **1:02-cv-926 (NAM/RFT)** |

**v.**

**DOUGLAS KELLNER, individually and as Chairman, NEIL W. KELLEHER, Individually and as Vice-Chairman, HELENA MOSES DONOHUE, Individually and as Commissioner, EVELYN J. AQUILA, as Commissioner of the New York State Board of Elections, Democratic State Committee of the State of New York, New York Republican State Committee, the New York The State Committee of the Independence Party, The State Committee of the Conservative Party of New York State, The State Committee of the Working Families Party NYS SECRETARY OF STATE; NYS ATTORNEY GENERAL ELIOT SPITZER; UNITED STATES ("US") FEDERAL ELECTION COMMISSION ("FEC"); U.S. ELECTION ASSISTANCE CORPORATION ("EAC"); UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") AND THE U.S. ATTORNEY GENERAL ALBERTO GONZALEZ,**

**Defendants.**
_____

| **APPEARANCES** | **OF COUNSEL:** |
|---|---|
| Aimee Fitzgerald, <br> Joseph T. Fitzgerald, <br> William A. Gage, <br> Burr V. Deitz, <br> H. William Van Allen, <br> Christopher Earl Strunk, and <br> "Non-affiliated Voters Party" <br> a Political Committee <br> *Plaintiffs Pro se* | |
| State of New York | Patricia L. Murray, Esq. |

| | |
|---|---|
| State Board of Elections<br>40 Steuben Street<br>Albany, New York 12207-2109<br>*For Defendants New York State*<br>*Board of Elections, Douglas Kellner,*<br>*Neil W. Kelleher, Helena Moses*<br>*Donahue, and Evelyn Aquila* | First Deputy Counsel |
| Eliot Spitzer<br>Attorney General of the State of New York<br>The Capitol<br>Albany, New York 12224-0341<br>*For Defendants Eliot Spitzer and*<br>*NYS Department of State* | Jeffrey M. Dvorin,<br>Assistant Attorney General, of Counsel |
| Glenn T. Suddaby<br>United States Attorney<br>James T. Foley U.S. Courthouse<br>445 Broadway, Room 218<br>Albany, NY 12207<br>*For Federal Defendants* | Barbara D. Cottrell,<br>Assistant United States Attorney<br><br>Brian F. Heffernan, Esq.<br>Voting Section, Civil Rights Division<br>U.S. Department of Justice |

**Hon. Norman A. Mordue, Chief U.S. District Judge**

## ORDER

**I.    INTRODUCTION**

Defendants Douglas Kellner, Neil W. Kelleher, Helena Moses Donahue, Evelyn Aquila, the New York State Board of Elections, NYS Secretary of State, NYS Attorney General Eliot Spitzer, Federal Election Commission, U.S. Election Assistance Corporation, United States Department of Justice, and U.S. Attorney General Alberto Gonzalez, move to dismiss the amended complaint pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure on the basis that it fails to state a claim, plaintiffs lack standing, and plaintiffs failed to serve the amended complaint properly.  Defendants Democratic State Committee of the State of New York, New York Republican State Committee, the New York State Committee of the Independence Party, the State Committee of the Conservative Part of New York State, and the

2

State Committee of the Working Families Party have not answered the amended complaint or otherwise appeared in this action.[1]

## II.    BACKGROUND

Familiarity with the facts of this case is assumed based on this Court's previous denial of plaintiffs' motion for declaratory relief and a preliminary injunction, *Fitzgerald v. Berman*, 02-CV-926, Dkt. no. 24, and dismissal of the complaint with leave to amend, Dkt. no. 36.  The Court denied plaintiffs' motion for declaratory and injunctive relief and dismissed the complaint on the grounds that the controversy was not of sufficient immediacy and the injuries plaintiffs asserted were speculative and that the plaintiffs therefore lacked standing to pursue this action.  Plaintiffs appealed the denial of their motion for declaratory and injunctive relief and the Second Circuit affirmed.  *Fitzgerald v. Berman*, 112 Fed.Appx. 800 (2d Cir. 2004).  In granting plaintiffs leave to file an amended complaint, the Court noted that the then defendants had not opposed plaintiffs' request to amend the complaint.  The Court, however, denied plaintiffs' motion to the extent plaintiffs sought to amend the complaint to include claims the Court previously found plaintiffs had no standing to pursue.

## III.   DISCUSSION

### A.    Rule 12(b)(6)

It is well-established that the Court must consider a *pro se* complaint liberally.  *Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005).  When considering a motion to dismiss a complaint under Rule 12(b)(6), a court "'must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and

---

[1] Plaintiffs filed a certificate of service with respect to these defendants, *see* Dkt. no. 48, indicating that plaintiff served them with a summons and complaint by mail.  There is no indication that this service met the requirements of Rule 4

3

construe the complaint liberally.'" *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A court may not dismiss an action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley*, 355 U.S. at 45-46. "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). It is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."). Accordingly, the Court has confined its review to the complaint.

In each motion, defendants raise a number of grounds on which they seek dismissal. Defendants move to dismiss the amended complaint to the extent it contains claims the Court previously dismissed on the ground that plaintiffs lacked standing to pursue them. Indeed the Court found:

> As previously stated by this Court and the Second Circuit, plaintiffs have failed to show that the declaratory relief they seek is a question of "sufficient immediacy and reality to warrant declaratory relief." *In re Prudential Lines Inc*., 158 F.3d 65, 70 (2d Cir. 1998). Indeed, whether defendants must allow the Non-Affiliated Voters Party to hold open primary elections if it attains party status is not of "sufficient immediacy" to warrant relief. Further, as explained in detail in the Court's prior Memorandum-Decision and Order, because the injuries plaintiffs assert in connection with their attempts to obtain party status for the Non-Affiliated Voters Party are speculative at best, plaintiffs lack standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). The Court therefore lacks jurisdiction over this action.

4

Dkt. no. 36, pp. 2-3. Thus, to the extent the amended complaint contains claims stemming from plaintiffs' attempts to obtain party status for the Non-Affiliated Voters Party, their intended course of action once the Non-Affiliated Voters Party attains party status, or plaintiffs' concerns regarding the New York State voter registration form, it must be dismissed for lack of standing. Accordingly the Court turns to the remainder of the amended complaint.

### B. Rule 8

The Court finds although the amended complaint cites federal laws and refers to the United States Constitution as well as New York State law, it is almost incomprehensible. In *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988), the Second Circuit explained:

> Rule 8 provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969).

(internal citations omitted).

In this case, the amended complaint is prolix and does not clearly set forth relevant facts, the basis for each cause of action, or identify each defendant's alleged wrongdoing. Although defendants attempt to make sense of the amended complaint, and construe causes of action based on statutes to which plaintiffs refer, the Court finds it places too heavy a burden on the Court and defendants to divine the causes of action plaintiffs intend to bring from among the facts alleged.

Additionally, given the amended complaint's present confusing form, it would be difficult for the parties to attempt parse the facts and claims the Court has dismissed from the amended complaint and assess what remains in this action. Since the complaint is unclear as to the causes

5

of action plaintiffs intend to advance, the Court cannot say an amended complaint would be futile. The Court, therefore, will permit plaintiffs' to file an amended complaint on or before November 22, 2006, setting forth the claims they intend to bring and omitting any unnecessary detail. To the extent plaintiffs allege claims for violations of the constitution pursuant to 42 U.S.C. § 1983, they are instructed that they must allege personal involvement by each individual defendant. *See McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Plaintiffs are further advised that sovereign immunity precludes suits against the United States and its agencies unless Congress specifically abrogates that immunity by statute. *See Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999); *In re Young*, 869 F.2d 158, 159 (2d Cir. 1989) (per curiam). Thus, plaintiffs may not sue the federal agency defendants unless Congress has abrogated that immunity by statute with respect to claims plaintiffs advance. The second amended complaint must not include the claims the Court previously dismissed for lack of standing. Plaintiffs are advised if they fail to comply with this Order, this action will be dismissed.

### C. Service

The defendant New York State Board of Elections and its Commissioners assert plaintiffs failed to serve the amended complaint in accordance with the Federal Rules of Civil Procedure. While it appears that plaintiffs properly served the New York State Board of Elections with the original complaint, there is no indication that plaintiffs have served the individual commissioners who were not parties to the original complaint. Rule 4 states:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

6

Fed. R. Civ. P. 4(j)(2). Service on a state agency or state officers sued in their official capacity must be made: by personal delivery to the principal office of the agency; or, by certified mail, return receipt requested, to the principal office of the agency. N.Y. C.P.L.R. § 307(2). Plaintiffs used neither of these methods to serve the individual commissioners. Further, plaintiffs state that they served the New York State Board of Elections with the amended complaint via e-mail. Rule 5(b)(2) does not permit electronic service on a party without that party's permission. There is no indication, however, that defendant Board of Elections consented to electronic service. Accordingly, plaintiffs are directed to effect service on the defendant New York State Board of Elections and the individual commissioners in accordance with the Federal Rules of Civil Procedure.

## CONCLUSION

Accordingly, it is hereby

ORDERED that defendants' motions to dismiss are granted; and it is further

ORDERED that the amended complaint is dismissed without prejudice to filing a second amended complaint on or before November 22, 2006, in compliance with the terms of this Order; and it is further

ORDERED that plaintiffs must effect proper service of process on the New York State Board of Elections Commissioners in accordance with Fed. R. Civ. P. 4 within twenty (20) days of the date of this Order; and it is further

ORDERED that plaintiffs must serve the amended complaint on the New York State Board of Elections in accordance with Fed. R. Civ. P. 5 within twenty (20) days of the date of this Order, and it is further

ORDERED that if plaintiffs fail to comply with the terms of this Order, this action will be dismissed.

IT IS SO ORDERED.

Dated: October 31, 2006
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge