**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**AIMEE FITZGERALD, JOSEPH T. FITZGERALD, BURR V. DEITZ, H. WILLIAM VAN ALLEN, CHRISTOPHER EARL STRUNK, and "NON-AFFILIATED VOTERS PARTY" a Political Committee,**

                                            **Plaintiffs *Pro se*,**        **1:02-cv-926**
                                                                                 **(NAM/RFT)**

**v.**

**DOUGLAS KELLNER, individually and as Chairman, NEIL W. KELLEHER, Individually and as Vice-Chairman, HELENA MOSES DONOHUE, Individually and as Commissioner, EVELYN J. AQUILA, as Commissioner of the New York State Board of Elections, Democratic State Committee of the State of New York, New York Republican State Committee, the New York The State Committee of the Independence Party, The State Committee of the Conservative Party of New York State, The State Committee of the Working Families Party NYS SECRETARY OF STATE; NYS ATTORNEY GENERAL ELIOT SPITZER; UNITED STATES ("US") FEDERAL ELECTION COMMISSION ("FEC"); U.S. ELECTION ASSISTANCE CORPORATION ("EAC"); UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") AND THE U.S. ATTORNEY GENERAL ALBERTO GONZALEZ,**

                                                **Defendants.**

---

**APPEARANCES**                                      **OF COUNSEL:**

Aimee Fitzgerald,
Joseph T. Fitzgerald,
William A. Gage,
Burr V. Deitz,
H. William Van Allen,
Christopher Earl Strunk, and
"Non-affiliated Voters Party"
a Political Committee
*Plaintiffs Pro se*

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

                                      **ORDER**

In an Order dated October 31, 2006, Dkt. no. 54, the Court granted defendants' motions and dismissed the amended complaint, Dkt. no. 37, pursuant to Rule 8 of the Federal Rules of Civil Procedure because, *inter alia*, it was prolix, confusing, and placed too heavy a burden on defendants and the Court to discern the claims plaintiffs asserted.  Additionally, the amended complaint contained claims stemming from plaintiffs' attempts to obtain party status for the Non-Affiliated Voters Party and plaintiffs' concerns regarding the New York State voter registration form, which the Court previously dismissed, *see* Dkt. no. 36, on the basis that plaintiffs' lacked standing to pursue such claims.  The Court, in view of plaintiffs' status as *pro se* litigants, permitted plaintiffs to cure these deficiencies and file a second amended complaint setting forth a short an plain statement if the claims asserted.  The Court, however, advised plaintiffs that if they failed to comply with the terms of the Order, this action would be dismissed.  Dkt. no.,  pp. 6, 8.  On November 20, 2006, plaintiffs filed a second amended complaint, Dkt. no. 55, which is now before the Court for review.

The second amended complaint adds the United States Postal Service as a defendant and includes a number of new paragraphs, but is, otherwise, identical to the amended complaint.  Specifically, plaintiffs failed to excise those claims which the Court previously found plaintiffs lacked standing to pursue.  Further, the second amended complaint is, if anything, more prolix and confusing than the amended complaint.  Thus, plaintiffs wholly failed to comply with the terms of the Court's prior Order.

When considering dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order, the Court must look to:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

2

*Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (internal quotations and citations omitted).  Dismissal under Rule 41(b) is a "'harsh remedy to be utilized only in extreme situations,'" *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).  Further, *pro se* litigants "should be granted special leniency regarding procedural matters", *id.*, and the Court "should dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme."  *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (internal quotation marks and citations omitted).

This case has been pending for more than four years but has not progressed beyond the pleading stage.  Indeed, discovery has not commenced.  The Court explicitly advised plaintiffs in its prior Order that this action would be dismissed if plaintiffs failed to comply with the terms of the Order.  Dkt. no., pp. 6, 8.  Thus, plaintiffs have received notice that any failure to comply would result in dismissal of this action.  Defendants, some of whom have been parties to this action for four years, are likely to be prejudiced by further delay because of the length of time this action has been pending.  Further, having balanced the Court's calendar congestion and plaintiffs' right to due process and a fair chance to be heard, the Court finds that dismissal is nevertheless warranted in view of the extensive time period that has passed since this case was first filed and the complete absence of a viable complaint.  Finally, the Court finds that lesser sanctions than the harsh sanction of dismissal would be ineffectual given plaintiffs' failure to file a viable pleading despite having a number of opportunities to correct the deficiencies in their pleadings.  Therefore, the Court concludes that the circumstances in this case are "sufficiently extreme" to warrant dismissal.  Accordingly, it is hereby

ORDERED that the Second Amended Complaint is dismissed without prejudice; and it is further

3

ORDERED that the federal defendants' request for an extension of time within which to respond to the Second Amended Complaint (Dkt. no. 57) is denied as moot; and it is further

ORDERED that the motion to dismiss filed by defendants Eliot Spitzer and the New York State Secretary of State (Dkt. no. 58) is denied as moot; and it is further

ORDERED that the Clerk of the Court close this case.

IT IS SO ORDERED.

DATE:  December 1, 2006

_____
Norman A. Mordue
Chief United States District Court Judge